[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
In this action the plaintiff, Daniel L. Christy, is seeking a dissolution of his marriage to the defendant, Kathleen M Christy.
The parties to this dissolution case were married at Meriden, Connecticut on August 18, 1972. The defendant's maiden name was Iwanicki. The court finds the plaintiff has resided continuously in this state one year next following the filing of this complaint and all statutory stays have expired. The court also finds that proper service was made upon the defendant who has appeared by way of counsel and in person at the hearing.
No minor children have been born issue of the marriage and no minor children have been born to the defendant wife since the date of the marriage. Neither party has received or is presently receiving assistance from any public agency.
Both the plaintiff's complaint dated April 28, 1994 made returnable to this court March 22, 1994, and the defendant's cross-complaint dated April 18, 1994 allege the irretrievable breakdown of the marriage and this court finds the marriage has broken down irretrievably with no prospect for reconciliation.
After a full trial, with the parties present and represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows.
The plaintiff is 47 years of age and the defendant is 45. Both enjoy reasonably good health and while the plaintiff currently is unemployed, both have been successfully employed during the course of their marriage. The plaintiff is a college graduate with a masters degree in architecture who has worked in the United States and overseas in construction project managerial positions, the most notable of which was with Aramco corporation in Saudi Arabia, and most recently as an independent contractor for Metcalf and Eddy on the New Haven City Hall renovation project. He has also attempted to start his own construction company and did succeed in building at least one house on the land he developed in Higganum. In addition, he had also obtained the Timberpeg home construction franchise for a time, but that association never resulted in a contract. The defendant is a college graduate and has worked in secretarial positions both here and in Saudi Arabia with Aramco at the same time plaintiff was employed by that corporation. Currently, she is employed as a CT Page 2752 secretary with Edward D. Jones Company, an investment concern.
The plaintiff alleges the defendant was not supportive of his employment opportunities, that she refused to avail herself of further education and employment opportunities. Plaintiff claims the defendant's negative attitude resulted in his request to be placed on leave from Aramco, a job in which he felt there was generous remuneration and advancement potential. In fact, the parties thrived financially while both were employed at Aramco and used their high income and some loans to purchase the Higganum property. It was in connection with the Higganum property that the plaintiff claims the defendant failed to support him in his subdivision and development plans, although he managed to do so with palpable financial success. It is this lack of support and refusal to advance herself which plaintiff says caused the breakdown of the marriage. However, the credible evidence did not support this contention and the defendant's employment history here and in Saudi Arabia as well as her willingness to assume and assist in retiring the debt for the Higganum property suggests appropriate cooperation and this court cannot ascribe fault to either party for the unfortunate deterioration of their marriage. The parties have been successful in accumulating an estate of not inconsiderable value and both are to be commended for their money management skills.
Taking into account the provisions of G.S. §§ 46b-81-82, the court enters the following orders and findings.
1. The plaintiff shall pay to the defendant as periodic alimony the sum of $1,000 per month for a period of ten years. Said sum represents the court's recognition of the disparate potential earning capacity of the parties in the future and shall be non-modifiable as to amount or term. The award of alimony is to terminate upon the death of either party. First payment shall be due the first day following the plaintiff's second full month of employment, but in any event, commencing no later that September 1, 1995.
2. The value of the real estate known as 3 Holly Drive is found to be $205,000 and the plaintiff is ordered to convey all his right, title and interest in said property to the defendant who shall pay all expenses and debts thereon and hold the plaintiff harmless and indemnify him in the event of default or the institution of suit. CT Page 2753
3. The plaintiff is to retain exclusively the Dean Witter account and the defendant is to retain exclusively the Edward G. Jones account.
4. The defendant is to convey all right, title and interest she may have in the tractor, 1986 Yamaha motorcycle, Blazer and Mercedes Benz motor vehicles to the plaintiff.
5. The plaintiff shall convey all right, title and interest he may have in the 1991 Mazda to the defendant.
6. The plaintiff made a loan of $5,000 to Linda Rhoady and the defendant is ordered to assign any interest she may have in said loan to the plaintiff.
7. The defendant's IRA account in the amount of $7,894 shall be retained by her exclusively.
8. The parties are owners of three parcels of land in Magnolia, Texas. Said parcels are to be listed for sale at a mutually agreeable price and, when sold, after deducting the usual closing costs, the net proceeds are to be divided two-thirds to the defendant and one-third to the plaintiff.
9. Each of the parties shall retain their own life insurance policies.
10. The plaintiff's IRA is to be divided evenly between the parties.
11. The parties are the holders of a mortgage on property on Old County Road in Higganum in the approximate amount of $54,000. The parties are ordered to share equally in the proceeds of said mortgage and in the costs of collection of the same.
12. The parties are ordered to submit to arbitration any disputes regarding personalty acquired during the course of their marriage.
A decree may enter dissolving the marriage and incorporating therein the appropriate findings, conclusions, orders and awards of the court. Counsel for the plaintiff shall prepare the judgment file.
STANLEY, J. CT Page 2754